IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAURUS JERMAINE CARROLL, )
)
Plaintiff, )
)
vs. ) Case No. CV-97-B-752-S
)
JIM WOODWARD, LINN MOORE )
JIM ROBERSON, )
)
Defendants )

## MEMORANDUM OPINION

This cause is before the court on the special report filed by the defendants on May 25, 1999, which the court deemed to be a motion for summary judgment in an order by a magistrate judge on March 10, 2000. Despite an explanation of the provisions and consequences of Rule 56, plaintiff has not responded to the motion. The court concludes that it is due to be granted.

Plaintiff commenced this action by filing a complaint on March 27, 1997, raising a number of claims with respect to conditions in the Jefferson County Jail. He sought both injunctive relief and damages.[1] On September 11, 1998, the magistrate judge filed a report and recommendation addressing the claims in which he recommended that all but a few specific claims be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1). Plaintiff has not objected to that report and recommendation. Having carefully considered it *de novo* with all other materials in the court file, the court finds that the report is due to be adopted and the recommendation accepted. By separate

---

[1] As plaintiff is no longer in the Jail, having been transferred to a state prison, his claim for injunctive relief is moot. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

1



order the court will dismiss as frivolous all of plaintiff's claims except those addressed specifically herein.

The magistrate judge's report and recommendation recommended that the defendants be required to respond only to three of plaintiff's claims: whether the jail was "overrun" with bugs, whether he was required to launder his clothing in the toilet in his cell, and whether he was being deprived of nutritionally adequate food and water. The special report filed by defendants addressed each of these claims (as well as others), and plaintiff has not responded to the factual assertions contained in the motion.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, she may not merely rest on her pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not

3

significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

    The undisputed facts relevant to plaintiff's three remaining claims appear to be the following. Plaintiff was incarcerated in the Jefferson County Jail from April 1995 until sometime in 1998, when he was transferred to the Holman Correctional Facility. The jail was very crowded during that time, often with three inmates assigned to cells originally designed to house one. Many inmates were assigned mattresses on the floor for a bed. Plaintiff slept on the floor for several months from April 1995 to December 1995. As with any large housing facility, insects are present, but the jail contracts with a professional exterminating service to make monthly treatments and "as needed" treatments to control them. Inmates are not required by jail staff to wash clothing in the toilet or sinks of their cells. Rather, the jail has a weekly laundry. Inmates are served three meals a day, prepared in the jail kitchen. While the meals frequently do not include a meat or milk, all meals "conform to local and State nutritional guidelines." Plaintiff calculated for one period of time that nine of twenty-one meals served to him did not include a meat.

4

In order to establish that jail conditions violate the Eighth Amendment, a plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), (2) the defendant[s'] 'deliberate indifference' to that condition, *Wilson v. Seiter*, [502] U.S. [294, 303], 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), and (3) causation, *Williams v. Bennett*, 689 F.2d 1389-90 (11th Cir. 1982)." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (footnotes omitted), *cert. denied*, 510 U.S. 1164 (1994). Whether a particular condition of confinement constituted cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. *See Wilson v. Seiter*, 502 U.S. at 290.

Jail conditions amount to cruel and unusual punishment only when they result in "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). While it is the duty of jail officials to furnish prisoners with "reasonably adequate" food, clothing, shelter, and sanitation, *Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977), *rev'd in part on other grounds*, 438 U.S. 781 (1978), the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. at 349. As the Eleventh Circuit Court of Appeals observed in *Newman*: "[T]he Constitution does not require that prisoners be provided any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration." 559 F.2d at 291. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. at 347.

"To be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." *LaMarca v. Turner*, 995 F.2d at 1535. In order to establish that an official was deliberately indifferent, "a plaintiff must prove that the official possessed knowledge both of

the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Id.* at 1535 (*quoting Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985), *cert. denied*, 479 U.S. 816 (1986)). *Accord Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994).

     Plaintiff has failed to show that the conditions he complains of were either objectively so harsh as to implicate the Eighth Amendment or that the defendants were deliberately indifferent to those conditions. While certainly the presence of insects in the jail was unpleasant, it was not so objectively harsh as to deprive him of a basic human need. Moreover, the defendants were not deliberately indifferent to the presence of insects. They contracted with a professional exterminator to treat the jail and they imposed rules to prevent inmates from storing food in their cells, one of the principal attractions to the insects.

     Similarly, plaintiff was not required by any defendant to wash his clothing in a toilet or sink; the choice was his. Even if no laundry service was available, it cannot be said that washing one's clothing in a clean-water sink, or even a clean-water toilet, is so objectively harsh as to deprive the plaintiff of a basic human need. As offensive as it might be, there is no evidence that plaintiff was harmed by it or even faced a risk of harm.

     Finally, plaintiff simply has failed to carry his burden of showing a genuine issue of fact exists concerning the nutritional adequacy of his meals. He concedes that some meals contained meat, although not all, and he has not offered any evidence to refute defendants' assertion that the meals served in the jail met state and local nutritional guidelines. Absent some evidence from which an inference could be drawn that the meals were nutritionally inadequate, the defendants are entitled to judgment as a matter of law.

In sum, the court concludes that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. By separate order, their motion for summary judgment will be granted.

DATED this __31st__ day of March, 2000.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE